IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CV-17-FL

| | | |
|---|---|---|
| BILJANA WARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CONTRACT CLAIMS SERVICES, INC. | ) | |
| and UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | | |

The matter is before the court on defendant Contract Claims Service, Inc.'s ("CCSI") second motion pursuant to Rule 12(b)(6), Fed.R.Civ.Pro., to dismiss for failure to state a claim upon which relief may be granted or, in the alternative, pursuant to Rule 56, Fed.R.Civ.Pro., for summary judgment in its favor on all claims. (DE 14). The matter also comes before the court upon defendant United States of America's ("United States") motion pursuant to Rule 12(b)(1), Fed.R.Civ.Pro., to dismiss for lack of jurisdiction, and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.Pro. (DE 20). The issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motions to the extent the challenges they mount are jurisdictional. The court does not address on either motion the merits of the case.

**STATEMENT OF THE CASE**

On February 1, 2017, plaintiff filed this action pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, et. seq., ("LHWCA") as extended by the Non-

appropriated Fund Instrumentalities Act, 5 U.S.C. §§ 8171, et. seq., ("NAFI"), seeking 1) enforcement of an order by an administrative law judge ("ALJ") granting plaintiff compensation for an injury plaintiff sustained at her workplace on March 11, 2001; 2) seeking compensation for pain management, attorney's fees, and late payment penalties; and 3) alleging claims of negligence and misrepresentation against defendants.[1] On April 18, 2017 defendant CCSI filed its second motion to dismiss for failure to state a claim or, in the alternative, motion for summary judgment arguing in part that this court does not have jurisdiction over plaintiff's claims.[2] In support of the motion, defendant CCSI filed a memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) plaintiff's claims form; 2) excerpts of transcripts from hearings before the ALJ; 3) decisions and orders from the ALJ and the Department of Labor Benefits Review Board ("BRB"); 4) defendant CCSI's appeal to the BRB dated April 17, 2017; 5) memorandum of information conference; 6) notice of conversion; 7) declarations of CCSI employees; and 8) correspondence to plaintiff's counsel requesting information to process bills. Plaintiff responded to defendant's motion in opposition, and in support of her motion, filed two exhibits submitted previously to the ALJ concerning her medical expenses. On June 6, 2017, defendant United States filed its motion to dismiss for failure to state a claim and for lack of jurisdiction, also arguing in part that this court lacks jurisdiction over plaintiff's claims. In support of the motion, defendant United States filed defendant CCSI's appeal to the BRB dated April 17, 2017, and plaintiff's appeal to the BRB dated April 25, 2017, along with the BRB's letters of acknowledgment of both appeals.

---

[1] Plaintiff specifically alleges claims of negligence and misrepresentation against defendant CCSI but also asserts that defendant United States is liable under agency theory for the acts of CCSI. (See Am. Compl. (DE 11) ¶ 24).

[2] Subsequent to defendant CCSI filing its first motion to dismiss, plaintiff filed an amended complaint, to which defendant filed in response its second motion to dismiss. On June 15, 2017, the court by text order terminated as moot the initial pending motion to dismiss the original complaint.

## STATEMENT OF THE FACTS

The undisputed facts may be summarized as follows. Plaintiff is an employee of the Marine Corps Community Service ("MCCS"), an entity of the United States Department of Defense. (Am. Compl. (DE 11) ¶ 1; CCSI's Memo (DE 15) at 2; US's Memo (DE 21) at 1).[3] Plaintiff was injured at work on March 11, 2001. (Am. Compl. (DE 11) ¶ 2). Following an evidentiary hearing on plaintiff's claim for compensation, the ALJ issued a decision and order on May 23, 2014, ordering MCCS to pay plaintiff temporary disability compensation, to reimburse plaintiff for listed reasonable and necessary medical expenses incurred, and to provide plaintiff with reasonable, appropriate, and necessary medical treatment for her work-related injury. (See ALJ May 23, 2014 order (DE 11-3)). Following MCCS's appeal of the ALJ decision to the BRB, the BRB affirmed the ALJ's decision except for the finding that plaintiff has a continuing loss of wage-earning capacity, remanding that claim to the ALJ for reconsideration. (Am. Compl. (DE 11) ¶ 2; ALJ May 27, 2015 order (DE 15-5)). Following the BRB's decision, on September 29, 2015, MCCS filed a request for modification of the order at issue. (See ALJ March 31, 2017 order (DE 17-4) at 2). On March 31, 2017, the ALJ issued a consolidated decision and order on remand and request for modification, modifying and expanding the dates and amount of coverage required to be provided to plaintiff for temporary disability compensation. (Id.).

In April 2017, both MCCS, regarding the ALJ's orders issued on May 23, 2014 and March 31, 2017, and plaintiff, regarding the ALJ's order issued on March 31, 2017, filed appeals to the BRB. (Notices of appeal and BRB Ltrs. (DE 17-6; DE 21-1; DE 21-2); see also Pl's Resp. (DE 23)

---

[3] Although plaintiff alleges that she is an employee of MCCS or Naval Personnel Command, MWR, (see Am. Compl. (DE 11) ¶ 1), defendants allege that plaintiff is an employee of MCCS only, (see CCSI's Memo (DE 15) at 2; US's Memo (DE 21) at 1).

at 1 ("Cross Appeals on economic issues – Pending"))). On May 8, 2017, the BRB sent MCCS and plaintiff each an acknowledgment of their appeals and assigned appeals docket numbers 2017-0397 and 2017-0397A, respectively. (Notices of appeal and BRB Ltrs. (DE 21-1; DE 21-2)).

## DISCUSSION

A.  Standard of Review

The thrust of defendants' motions is that this court does not have subject matter jurisdiction and on this basis the amended complaint must be dismissed. A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Under Rule 12(b)(1), the plaintiff bears the burden of showing that subject matter jurisdiction is appropriate. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219.

When the defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).[4] The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

Plaintiff's primary claim against defendants is brought pursuant to 33 U.S.C. § 921(d) under

---

[4] For example, this court may properly consider documents attached to various filings on the record, including documents relating to the administrative proceeding below, without converting defendants' motions to motions for summary judgment. See Richmond, 945 F.2d at 768.

4

the LHWCA, requesting enforcement of the ALJ's May 23, 2014, order granting plaintiff compensation related to work injuries sustained at plaintiff's place of employment. Because both defendants, inter alia, argue the court lacks jurisdiction to hear plaintiff's claims, the court's analysis addresses this issue first.

Defendants argue that the ALJ order at issue is not final and therefore this court lacks subject matter jurisdiction to grant the relief sought. "The existence of subject matter jurisdiction is a threshold issue" that should be addressed before the court reaches the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999).

The LHWCA provides for a comprehensive system governing the administration and litigation of claims by injured maritime employees.[5] See Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Newport News Shipbuilding & Dry Dock Co., 514 U.S. 122, 125-26 (1995). According to the LHWCA, after a claim has been filed, a hearing presided over by an ALJ must be held "upon application of any interested party." 33 U.S.C. § 919(c)-(d). After the ALJ issues an order, "any party of interest" may appeal the decision to the BRB. Id. § 921(b)(3). After the BRB issues a "final order," the LHWCA allows for judicial review "in the United States court of appeals for the circuit in which the injury occurred." Id. § 921(c). The LHWCA provides that an order shall become "effective" when filed in the office of the deputy commissioner and becomes "final" 30 days thereafter unless a party petitions the BRB for reconsideration. Id. § 921(a)-(b). Therefore, the path of a claim begins before an ALJ and can be appealed up to the BRB; once the order at issue becomes final, the court of appeals has jurisdiction to hear challenges to that final order. See Dir., Office of Workers' Comp. Programs, Dep't of Labor, 514 U.S. at 125–26 ("The ALJ's decision is reviewable

---

[5] With limited exceptions not at issue here, NAFI incorporates this system. See 5 U.S.C. § 8171, et. seq.

by the Benefits Review Board . . . . The Board's decision is in turn appealable to a United States court of appeals . . . .").

The statutory scheme provides for limited jurisdiction to federal district courts. See 33 U.S.C. §§ 918(a); 921(d); 927(b). As applicable here, after an order "has become final," the LHWCA allows for judicial <u>enforcement</u>, not review, of the order in "the Federal district court for the judicial district in which the injury occurred." Id. § 921(d); see <u>Pallas Shipping Agency, Ltd. v. Duris</u>, 461 U.S. 529, 533 (1983) ("An order making an award, referred to as 'a compensation order,' 33 U.S.C. § 919(e), is reviewable by the Benefits Review Board, 33 U.S.C. § 921(b), and enforceable in federal court. 33 U.S.C. § 921(d).").

The record reflects that there are multiple appeals pending before the BRB regarding the ALJ's May 23, 2014 and March 31, 2017 orders. (Notices of appeal and BRB Ltrs. (DE 17-6; DE 21-1; DE 21-2); <u>see also</u> Pl's Resp. (DE 23) at 1 ("Cross Appeals on economic issues – Pending")). Pursuant to 33 U.S.C. § 921(d), this court has limited jurisdiction only over an order that "has become final" and only to the extent of enforcing that order. See 33 U.S.C. § 921(d); see also <u>Eggers v. Clinchfield Coal Co.</u>, 11 F.3d 35, 38 (4th Cir. 1993) (holding the appellate court had no jurisdiction to consider a petition for judicial review because the present case did not yet contain a "final order" and stating "[t]he finality requirement contained in § 921 encompasses the same concepts as finality in 28 U.S.C. § 1291").[6] Pursuant to the terms of the LHWCA, this court lacks jurisdiction over plaintiff's request for enforcement of an order that is not yet final.

Similarly, the court does not have jurisdiction to consider plaintiff's additional claims. First,

---

[6] 28 U.S.C. § 1291 states that the court of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .".

plaintiff seeks enforcement of attorney's fees and late payment penalties as provided under the LHWCA pursuant to 33 U.S.C. § 928(a) and 33 U.S.C. § 914(f). For the same reasons as stated above, the court currently does not have jurisdiction to review the grant of attorney's fees and levy late payment penalties associated with a non-final order. Second, plaintiff seeks compensation for pain management. Even if the court did have jurisdiction, by its explicit terms, 33 U.S.C. § 921(d) only applies to the enforcement of final compensation orders, not the modification of such orders to provide for additional relief such as for pain management.

Finally, plaintiff's claims for negligence and misrepresentation against the United States and CCSI, acting as an agent of the United States, likewise fail. Plaintiff's claims hinge on whether defendants are "responsible for approving or coordinating Plaintiff's benefits." (Am. Compl. (DE 11) ¶ 23). This goes to the merits of plaintiff's claims as to what compensation is due to plaintiff and by whom, which this court does not have jurisdiction to address. See In re CSX Transp., Inc., 151 F.3d 164, 171 (4th Cir. 1998) (holding that under the LHWCA, "[r]eview by the courts is authorized through a petition for review, which may be filed only in the courts of appeals, not in the district court."); cf. Thompson v. Potashnick Const. Co., 812 F.2d 574, 576 (9th Cir. 1987) ("The district court cannot affirm, modify, suspend or set aside the order . . . . Unlike the BRB and court of appeals, the district court has no jurisdiction over the merits of the litigation.").[7]

## CONCLUSION

Because the court concludes it lacks subject matter jurisdiction over plaintiff's claims,

---

[7] Plaintiff likewise at this time has no recourse under 33 U.S.C. § 918(a) which provides that district courts have jurisdiction to enter judgment on an administrative supplementary order that declares the amount of default by an employer in a compensation award. 33 U.S.C. § 918(a). Plaintiff has not indicated to the court that such a supplementary order, to be issued by the deputy commissioner upon an applicant's petition, has been issued in this case. See id.

plaintiff's amended complaint must be and is DISMISSED WITHOUT PREJUDICE.  In this part, defendants' motions are ALLOWED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of November, 2017.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge